**Kelly v. Seachrist**

*William Shaffer,* for plaintiffs.
*Allan C. Lundberg,* for defendants.

KIESTER, *S.J.,* April 14, 1993—Is the Parental Liability Act (23 Pa.C.S. §5501) applicable to the facts in the above-captioned case?

## FACTS

On January 6, 1992, Jennifer Kelly and Alan J. Seachrist, a minor, were operating their respective vehicles in Buffalo Township when a collision occurred. Each operator filed a cause of action against the other. These complaints, filed at A.D. no. 92-544 and A.D. no. 92-719, were consolidated for trial by order of court on October 9, 1992. The cases were heard by a Board of Arbitrators. On December 9, 1992, Roger A. Kelly and Kimberly L. Kelly, plaintiffs, were awarded $750 against the defendant, Alan J. Seachrist. In the action at A.D. no. 92-719, *Seachrist v. Kelly,* the award was for defendant, Kelly. A judgment was entered against Alan J. Seachrist and on March 3, 1993 plaintiffs petitioned for a rule to show cause why judgment should not be entered against John H. Seachrist Jr. and Darlene L. Seachrist for $750 plus court costs.

The said John H. Seachrist Jr. and Darlene L. Seachrist answered the petition stating that there is no statutory authority for entering judgment against them.

## DISCUSSION

The liability of the parent under the Act of Assembly (23 Pa.C.S. §5501 etc.) requires a finding that the child (one under 18 years of age) committed a willful tortious act resulting in injury. A tortious act is so defined.

Establishing liability of the parent for the tortious act of the child in criminal or juvenile proceedings is specific and clear. 23 Pa.C.S. §5503. The liability of the parent is limited to $300 for injuries to one person and $1,000 regardless of the number of persons. 23 Pa.C.S. §5505.

The Act of Assembly establishing liability in civil proceedings of the parent for the tortious act of the child sets forth the petition procedure for obtaining judgment

against the parent (23 Pa.C.S. §5504) with the same limitations as provided in criminal or juvenile matters.

The parents maintain that in civil proceedings the tortious act must be willful and that the act of Alan was not willful, and that the Parental Liability Act relates to the actions and conduct of delinquent children and not to a solely negligent act.

There is not available to the court a transcript of the pleadings before the Board of Arbitrators. The pleadings do establish that Alan was operating an all-terrain Yamaha vehicle. The complaint filed by the Kellys as plaintiffs aver nine "negligent" acts by Alan including operating without an operator's license an unlicensed vehicle on a highway.

No case in point has been cited. The paucity of authority can be attributed to the fact that liability in this factual situation is limited to $300.

A transcript of the arbitration hearing could establish that Alan was operating in a negligent manner on the highway without a driver's license an unlicensed vehicle. With that record the conclusion would be that Alan committed a willful tortious act.

A tort is defined as any wrongful act. It is a breach of legal duty. A willful tortious act is something done willfully, intentionally or on purpose.

The Kelly complaint charged Alan with willful tortious acts. The Board of Arbitrators found for plaintiff Kelly and against defendant Alan. Under the Parental Liability Act the parents of Alan are liable.

## ORDER

And now, April 14, 1993, the rule to show cause why judgment should not be entered returnable and heard March 24, 1993, is made absolute. The facts establish

that Alan committed a willful tortious act resulting in injury to plaintiffs. A hearing on the petition and answer are unnecessary. The only issue is the applicability of the Parental Liability Act to the facts.

It is ordered that judgment be entered in favor of plaintiffs, Roger A. Kelly and Kimberly L. Kelly and against John H. Seachrist Jr. and Darlene L. Seachrist in the amount of $300.